IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL and RYAN ROSS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. ) ) |
| WAL-TEK, INC. and CARL BARONE | ) ) |
| Defendants | ) ) |

## COMPLAINT

The Plaintiffs Mid-America Carpenters Regional Council and Ryan Ross, by their attorney Travis J. Ketterman of McGann Ketterman & Rioux, complains of the Defendants Wal-Tek, Inc. and Carl Barone as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff Mid-America Carpenters Regional Council and Ryan Ross based on the retaliatory termination of Union member and apprentice Ryan Ross by Defendants Wal-Tek, Inc. and Carl Barone based on the exercise of Mr. Ross' rights under the Employee Retirement Income Security Act of 1974.

## PARTIES

2. Plaintiff Ryan Ross is a member of the Plaintiff Mid-America Carpenters Regional Council and resides in Chicago, Illinois. Ross was employed as a Union apprentice carpenter by Defendant Wal-Tek from December 2021 until June 15, 2022.

3. Plaintiff Mid-America Carpenters Regional Council is a labor organization representing 52,000 Union carpenters whose headquarters is located at 12 East Erie Street in Chicago, Illinois.

1

4. Defendant Wal-Tek, Inc. is an Illinois corporation that is signatory to a collective bargaining agreement with the Plaintiff Mid-America Carpenters Regional Council. Wal-Tek, Inc. employed Plaintiff Ryan Ross as a Union apprentice carpenter from December 2021 until June 15, 2022. Wal-Tek, Inc. is located at 6333 West Gross Point Road in Niles, Illinois.

5. Defendant Carl Barone is the President, Registered Agent and owner of Defendant Wal-Tek, Inc.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the ERISA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1140. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claim occurred in this district. In addition, all Defendants reside in the district.

## FACTUAL BACKGROUND

8. In December 2021, Ryan Ross began his employment with Defendant Wal-Tek, Inc. as a Union apprentice carpenter.

9. Defendant Wal-Tek, Inc. is signatory to a collective bargaining agreement with the Plaintiff Mid-America Carpenters Regional Council.

10. Under the terms of the collective bargaining agreement, Defendant Wal-Tek, Inc. is required to submit contributions to pension, supplemental retirement, health and apprentice funds for each hour worked by its Union carpenter employees such as Ross.

11. The contributions must be reported and paid by the 15th of the month in which the hour was worked by the Union carpenter. For example, all hours worked in January must be reported and benefit contributions paid by February 15.

12. The eligibility for benefits such as health care benefits is premised on a Union carpenter being reported and contributions submitted on behalf of the carpenter by the carpenter's employer. In the absence of these benefit contributions, the carpenter may not have eligibility for pension and health benefits. In the absence of these benefit contributions, an apprentice carpenter may not be eligible to take classes at the apprentice school or advance to the next level of the apprenticeship.

13. Ross received a letter from the Health, Pension and Supplemental Retirement Funds in late March 2022 stating that Wal-Tek had not reported his work hours after December 2021.

14. As a result of the non-payment of contributions by Wal-Tek, Ross did not have eligibility for health benefits.

15. Ross texted a screen shot of the letter to the Wal-Tek employee (Lin) to whom Ross submitted his hours worked.

16. The Wal-Tek employee responded, "They are always behind. We are currently working on February."

17. After receiving the text, Ross had a telephone conversation with Defendant Carl Barone regarding Ross' hours not being reported and paid. In that conversation, Defendant Carl Barone told Ross that if he went to the doctor it could be submitted it to the insurance at the end of June or in July and it would be covered.

18. Ross received a letter from the Health, Pension and Supplemental Retirement Funds in late April 2022 stating that Wal-Tek had not reported his work hours after December 2021.

3

19. Ross received a text from Wal-Tek stating to "ignore" the second letter.

20. Ross spoke with carpenter apprentice coworkers and learned that no contribution hours were reported for those coworkers after December 2021. As a result of this breach of the collective bargaining agreement, apprentices were not able to enroll in apprentice classes and could not advance from one year to the next year (which provided for a wage increase).

21. On Thursday, June 9, 2022, Ross texted Defendant Carl Barone:

I can work Saturday. I'm a solid worker with good work ethic Carl.. When will 100% of my hours be reported to the Union on time? This effects my Health insurance, School hours and Retirement points. I consider this stealing my money and my time.

22. On Tuesday, June 14, 2022, Defendant Carl Barone texted Ross:

Ryan I just read your text who the hell do u think u are talking to me this way maybe you can have the union pay you and pay your hours.

Ryan if you feel your [un]happy [sic] here then leave

You don't even know how the hours work and the union is to[sic] ignorant to even tell you

The way should of all responded was said I get and sort and will pick up the pace if you think disrespecting the owner of a company is the way to go maybe you will get when u keep bouncing around.

23. On Tuesday, June 14, 2022, Ross responded by text to Defendant Carl Barone:

My hours haven't been reported since April to the school or to health insurance. The Union explains everything to the Workers during are [sic] first class and directs us to the health insurance website for reference. I'm just speaking up for what I am rightfully entitled to. I'm a proud Union member I'm here to learn and work hard. Was not trying to disrespect you or Wal-Tek.

24. On Tuesday, June 14, 2022, Defendant Carl Barone responded by text to Ross:

The union doesn't know shit they are a bunch of liars and lazy people. The union does not pay you or pay the benefits the company does and I already explained to you how it works it doesn't matter if I pay the hours 30 days late. I really don't care what they have to say or if you believe them over me. They are nothing without the contractors.

If you want you can pick up your tools in the morning and go find another job. You can stop by the shop tomorrow afternoon at 2pm and I will give you your final check from this week including 8 hours for tomorrow let me know if you are ok with this because I am.

25. On Tuesday, June 14, 2022, Ross responded by text to Defendant Carl Barone:

I will trust the Union more then the boss every time. Are you firing me then?

26. On Tuesday, June 14, 2022, Defendant Carl Barone responded by text to Ross:

Yes I am good luck and you will never work for us again I know the rules better than you do them. Maybe in a years time when you see I didn't lie to you and they did. I will have a check tomorrow in the office for all your hours this week and for 8 hours tomorrow. If I was you and then I would tread very lightly with me it's best for us to part ways.

27. On Tuesday, June 14, 2022, Ross responded by text to Defendant Carl Barone:

You can just send my check. I don't want to waste anymore of my time.

Deposit in my direct deposit please like usual.

28. On Tuesday, June 14, 2022, Defendant Carl Barone responded by text to Ross:

You do know that every person in the field wanted me to let you go over a month ago because you were to [sic] slow. I will let adp know tomorrow as they are closed are you going to get your tools tomorrow so I can let Tom know it's ok for you to come on the job

29. On Tuesday, June 14, 2022, Ross responded by text to Defendant Carl Barone:

Sure Carl [thumbs up emoji]. I will be going to Local 1 tomorrow and having a chat with the BA

30. On Tuesday, June 14, 2022, Defendant Carl Barone responded by text to Ross:

Good luck they can't do anything since I'm paying you for a full 8 hours tomorrow and remember what they say or do will come back and haunt all of u. So are you coming to get your tools tomorrow so I can let Tom know you will need to be escorted as you are not an employee anymore

What time are stopping by the job site because I have to let them know

Remember I can also file a grievance against you and any union BA that tries to break the contract I know that contract better than they do

All u have to do is tell me what time you are getting your tools

> I will have ADP do direct deposit as you requested but remember I don't have just the right to file a grievance I also intend on filing law suits
> So bottom line is this is going to end civilly or are we going to get in the mud. Remember how much money you earned before you worked for me and how much you did while you did.
>
> Ryan you have options to get your tools you much choose one, this site is secure and not like walking into your house.
> 1. Let me know a time and Tom will escort you.
> 2. I can have them dropped off at local 1 for you to pick up there. Tomorrow afternoon
> 3. I can have them dropped off at your house on Thursday between 9am-noon.
> 4. I can have them picked up and brought to the office and you can pick up there.
>
> Ryan I will be calling the school tomorrow and let them know what type of employee you had been or you can just tell me what you want done with your tools and we move on. I am within my rights for everything I am doing. You might also want to be very careful on spreading false rumors I do intend on filing slander law suits against any individual that thinks they can say whatever. I would think the adult thing to do here for us both to walk away but I'm not afraid to go into the mud. You must answer on what you want done with your tools.

31. As a result of his termination by Wal-Tek on June 15, 2022, Ross could not find employment until July 11, 2022.

32. After Ross complained about Wal-Tek not submitting his ERISA benefit contributions, Defendant Carl Barone called the Mid-America Carpenters Regional Council Apprentice and Training Program and retaliated against Ross by making false accusations about Ross' work performance and the reason for his employment termination.

## COUNT I
### (Retaliation, ERISA Section 510)

33. Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 32 herein.

34. Plaintiff Ross' contributions, eligibility and participation in the Health, Pension, Supplemental Retirement and Apprentice Funds are governed by ERISA. At all relevant times, Ross was a participant in these Funds.

6

35. Ross engaged in a protected activity by questioning Defendant Carl Barone when his benefit contributions would be paid and by informing Defendant Carl Barone that he was communicating with his union representatives about the delinquent contributions.

36. In referencing a grievance, Defendant Carl Barone understood that Ross' actions in discussing the delinquent contributions with the Union could result in either a grievance or a federal lawsuit against Defendant Wal-Tek. Inc.

37. Ross' employment with Defendant Wal-Tek, Inc. was terminated in the same text messaging as his complaints about the non-payment of his ERISA-governed benefit contributions.

38. Ross' complaints about the non-payment of his ERISA-governed benefit contributions were a direct and proximate cause of his termination.

39. The termination of Ross by Defendant Wal-Tek, Inc. and Defendant Carl Barone was a violation of ERISA.

40. Ross was damaged by his termination.

41. Ross seeks appropriate equitable relief to redress the violations and to enforce the applicable provisions of ERISA.

## COUNT II
**(Defendant Carl Barone for Violations of the Illinois Wage Payment and Collection Act)**

42. Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 41 herein.

43. At all times material herein, there was in effect the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq.

44. Defendant Carl Barone is an officer of Defendant Wal-Tek, Inc.

45. Defendant Carl Barone knowingly permitted and willfully refused to pay Union wages on behalf of Plaintiff Ryan Ross in violation of the Wage Act, 820 ILCS 115/14.

46. Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation, 820 ILCS 115/13.

47. Defendant Carl Barone is an employer within the meaning of the Wage Act.

48. Defendant Carl Barone is personally liable for the wages owed to Plaintiff Ross for the period of June 16, 2022 through July 8, 2022 in the amount of $2,662.40.

49. Plaintiffs have complied with all conditions precedent in bringing this suit.

## PRAYER FOR RELIEF

Based on the foregoing, the Plaintiffs prays for the following relief:

(a) That the Court enter judgment in favor of Plaintiffs on Count I, imposing a constructive trust in the amount of $18,685.98 on the specifically identifiable funds in Defendant Wal-Tek's custody and control and granting Plaintiffs the remedy of equitable restitution of the specifically identifiable funds in the amount of $18,685.98.

(b) That the Court award damages for Defendant Carl Barone's violation of the Illinois Wage Payment and Collection Act as described in Count II, in the amount of $18,685.98;

(c) That the Court award pre-and post-judgment interest.

(d) That the court award Plaintiffs their costs, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1132(g)

(e) That the Court award such other relief as it deems just and proper, including punitive damages.

        Respectfully submitted,

        MID-AMERICA CARPENTERS REGIONAL COUNCIL et al

        /s/ Travis J. Ketterman

        _____

        Travis J. Ketterman, Attorney for Plaintiffs

Travis J. Ketterman
McGann, Ketterman & Rioux
111 E. Wacker Dr., Suite 2300
Chicago, IL  60601
(312) 251-9700 Fax (312) 251-9701
tketterman@mkrlaborlaw.com
July 22, 2022